# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL AARON WILSON, | Case No. 18-CV-3352-NEB-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MINNESOTA SEX OFFENDER PROGRAM, NANCY JOHNSTON, JENNIFER JOHNSON, DEBRA DAVIS, JOSEPH MULLEN, and KATIE MCDOWELL, | |
| Defendants. | |

This matter is before the Court on the defendants' Motion to Dismiss. (ECF No. 11.)  For the reasons set forth below, the Court recommends that MSOP's motion be GRANTED and Daniel Wilson's Complaint be DISMISSED.

## I.    Facts

Daniel Wilson has been civilly committed to the Minnesota Sex Offender Program ("MSOP") since April 2017.  He alleges that the defendants are violating his First and Fourteenth Amendment rights by not permitting him to have visitation or any other contact with his daughter.[1]  (Compl., ECF No. 1, at ¶ 58.)  Mr. Wilson claims that after requesting visitation with his daughter in December 2017, his primary therapist at the time, Cynthia Richardson, told him that he needed to take a polygraph test and advance to "Phase 2" of the MSOP program before visitation would be approved.  (*Id.* at ¶ 23.)  However, Mr. Wilson alleges that when he underwent the test in January 2018, the results were inconclusive "due to wording of a specific question."

---

[1] Mr. Wilson also alleges that the conditions of his parole prohibit him from having any contact with his daughter, but that his parole officer would amend the conditions if MSOP permitted visitation or contact with her.  (Compl. at ¶ 44.)

(*Id.* at ¶ 24.)  He alleges that he was supposed to be scheduled for another polygraph test, but instead was assigned a new therapist, defendant Jennifer Johnson.  (*Id.* at ¶ 25.)

Mr. Wilson claims that Ms. Johnson ignored his request for a second polygraph test, which would have potentially permitted him to advance to Phase 2 and be considered for visitation with his daughter.  (*Id.* at ¶ 10, 26.)  Soon after making his request to Ms. Johnson, Mr. Wilson asserts that his primary therapist was changed again to defendant Deborah Davis.  (*Id.* at ¶ 27.)  Mr. Wilson attests that Ms. Davis "is willing" to schedule him for a polygraph test but has not yet done so.  (*Id.*)

As a result of these events, Mr. Wilson filed suit against MSOP and several of its employees.  He alleges violations of his First Amendment right to association, violations of substantive and procedural due process, and violation of equal protection under the Fourteenth Amendment.  (*Id.* at ¶¶ 45–56.)  He frames his lawsuit as suiting the various defendants in their official and individual capacities.  (*Id.* at ¶¶ 7–11.)  Mr. Wilson demands money damages and an injunction requiring MSOP to permit him to have visitation with his daughter.  (*Id.* at ¶¶ 57–61.)

## II.    Analysis

The defendants filed a Motion to Dismiss Mr. Wilson's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6).  (ECF No. 11.)  The Court finds that Mr. Wilson's official capacity claims for damages are barred by the Eleventh Amendment. With respect to the remainder of Mr. Wilson's claims, the Court also concludes that he has failed to plead sufficient facts to state a claim upon which relief can be granted.

### A.    Eleventh Amendment Immunity

The Eleventh Amendment provides states with immunity from lawsuits brought in federal court.  *DeGidio v. Perpich*, 612 F. Supp. 1383, 1388 (D. Minn. 1985) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984)).  This sovereign immunity applies whenever a citizen brings claims for damages against a state, unless either the state has waived its immunity or Congress has abrogated it.  *Id.* at 1388–89.  Neither of these conditions are met here.  *See* Minn. Stat. § 1.05 (waiving

immunity for certain claims not presented here); *DeGidio*, 612 F. Supp. at 1389. Therefore, the Court lacks subject matter jurisdiction for the official capacity claims for damages presented here.

Mr. Wilson argues that he is seeking prospective injunctive relief against the defendants in their official capacity, and thus his claims should survive Eleventh Amendment review.  It is true that official capacity claims seeking prospective injunctive relief can survive under the *Ex Parte Young* doctrine.  *See 281 Care Committee v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011).  But in this case, because the Court also finds that Mr. Wilson has failed to state a claim upon which relief can be granted, any further consideration of *Ex Parte Young* claims is unnecessary

## B.    Failure to State a Claim

After careful review, the Court recommends that this case be dismissed because Mr. Wilson's complaint fails to adequately plead a claim for relief.  "[A] complaint must contain sufficient factual allegations to '[s]tate a claim to relief that is plausible on its face'" in order to withstand a motion to dismiss under Rule 12(b)(6).  *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  While "detailed factual allegations" are not required, the facts contained within a complaint must be specific enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin. Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

Certainly, complaints written by pro se plaintiffs are held to "less stringent standards" than pleadings written by attorneys.  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  "[I]f the essence of an allegation is discernible…then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  However, a pro se complaint must still allege sufficient facts to state a viable claim.  *Id.* at 914.  "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the

complaint to be true and construes all reasonable inferences most favorably to the complainant." *Raynor*, 690 F.3d at 955. Against this legal backdrop, the Court finds that Mr. Wilson's Complaint should be dismissed for failure to state a claim.

Mr. Wilson has not alleged "sufficient personal involvement" by any of the defendants to support a claim for deprivation of any constitutional right. *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001). In fact, Mr. Wilson has not alleged any actions whatsoever undertaken by the majority of the defendants. He mentions defendants Nancy Johnston, Joseph Mullen, and Katherine McDowell by name only once each, alleging that they are "hereby liable in [his or her] official and individual capacity for violations of Plaintiffs Rights" (Compl. at ¶¶ 7–9), but he does not describe what they did or how it infringed his rights. These allegations are nothing more than the sort of "labels and conclusions" that cannot support a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678. Similarly, Mr. Wilson's claims that encompass "all defendants" are not adequate to state a well-pled claim against *any* of the defendants. *See Beck*, 257 F.3d at 766; *see also Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2014 WL 4954682 at *13 (D. Minn. May 13, 2014) (dismissing claims where plaintiff failed to allege who specifically performed the unconstitutional actions alleged in the complaint); *Giganti v. Rice*, No. 12-cv-996 (SRN/JSM), 2013 WL 3338684 at *8 (D. Minn. July 1, 2013) ("It is well-established that a complaint that lumps all defendants together and does not sufficiently allege who did what to whom fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.").

Mr. Wilson's allegations against two defendants are admittedly a bit more developed, but are still insufficient to clearly state a claim. Although Mr. Wilson has alleged specific actions performed by defendants Jennifer Johnson and Deborah Davis, these allegations fail to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Specifically, he alleges that Ms. Johnson ignored a request to take a second polygraph test after he received an inconclusive result on his first test; he claims that this deprived him of approval for visitation with his daughter. (Compl. at ¶ 10, 26.) However, Mr. Wilson fails to identify how Ms. Johnson personally performed or directed the denial of visitation, which is the heart of his claim. And his assertion that had she scheduled a second polygraph test, he may have advanced to Phase 2, at which point he "more than likely" would have received

visitation approval, is far too speculative and tenuous to support a claim against Ms. Johnson. *Twombly*, 550 U.S. at 555; *see also Raynor*, 690 F.3d at 955. Mr. Wilson's allegations against Ms. Davis fail for the same reasons. He alleges that Ms. Davis "is willing" to schedule him for a polygraph test but has not yet done so. (Compl. at ¶ 28.) He makes no other specific allegations against Ms. Davis. Critically, Mr. Wilson fails to allege how Ms. Davis's allegedly slow action has caused the alleged violation of his rights. Although the Court is mindful that pro se pleadings should be read liberally, Mr. Wilson's complaint falls far short of the minimum required under any standard.

## III.   Recommendation

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court makes the following recommendation:

1.   The defendant's motion to dismiss, ECF No. 11, should be GRANTED.

2.   The Court lacks subject matter jurisdiction over the § 1983 claims against the Minnesota Sex Offender Program and over any official-capacity claims under § 1983 for monetary damages. Those claims should be dismissed without prejudice on grounds of sovereign immunity.

3.   Mr. Wilson's official capacity claims for prospective injunctive relief and individual-capacity § 1983 claims against Nancy Johnston, Jennifer Johnson, Deborah Davis, Joseph Mullen, and Katherine McDowell should be dismissed with prejudice for failure to state a claim. However, Mr. Wilson should be given leave to replead these claims by identifying specific facts to support these allegations.

Date:  June 21, 2019                    s/Katherine Menendez
                                        Katherine Menendez
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.