# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL AARON WILSON, | Case No. 18-CV-3352 (NEB/KMM) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| MINNESOTA SEX OFFENDER PROGRAM, NANCY JOHNSTON, JENNIFER JOHNSON, DEBRA DAVIS, JOSEPH MULLEN, and KATIE MCDOWELL, all in their individual and official capacities, | |
| Defendants. | |

The Court has received the June 21, 2019 Report and Recommendation of United States Magistrate Judge Katherine Menendez. [ECF No. 23 ("R&R").] Judge Menendez recommends granting Defendants' motion to dismiss on the grounds of sovereign immunity and for failure to state a claim. Plaintiff Daniel Aaron Wilson objects[1] to the R&R, arguing the case has merit because it: (1) "was given [to] a competent Magistrate Judge," (2) states

---

[1] In addition to his objections, Wilson filed a document entitled "Plaintiffs' Final Response to Court and Defendants on Objections from Report and Recommendation," which functions as a reply brief. [ECF No. 27.] The Court need not consider Wilson's reply because the local rules do not permit such filing. *See* D. Minn. LR 72.2(b) (providing only for written objections to an R&R and a response prior to a district judge's review of the R&R). Even if the Court considered it, it would not change the analysis.

viable claims seeking prospective injunctive relief, and (3) alleges sufficient facts to withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss.[2] [ECF No. 25.]

This Court reviews de novo those portions of the R&R to which a party specifically objects and the remainder for clear error. *See* D. Minn. L.R. 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Woolery v. Peterson*, No. CV 16-1745 JRT/FLN, 2016 WL 6916801, at *1 (D. Minn. Nov. 22, 2016) (quoting and citing *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015)). Similarly, the Court may review the R&R as if no objections were filed when a party "does not cite any reason why the Magistrate Judge's determination was incorrect, nor any basis for th[e] Court to reach a different outcome." *Reed v. Curry Concrete Const., Inc.*, No. CV 10-4329 JRT/LIB, 2011 WL 2015217, at *2 (D. Minn. May 23, 2011) (quotation marks and citations omitted). Wilson's objections do not raise new arguments or address why Judge Menendez's findings and recommendations are erroneous. Wilson merely disagrees with the R&R and restates his contention that he has pled enough facts.[3] Judge Menendez considered the facts

---

[2] The objections are arguably untimely, but the Court will consider them. "The Court notes that the deadline for filing objections is not jurisdictional, and late-filed objections can be considered where the filing is not egregiously late and causes no prejudice to any adverse party." *Iron Workers Mid-S. Pension Fund v. Davis*, No. CIV. 13-289 JRT/HB, 2014 WL 5206373, at *4 (D. Minn. Oct. 14, 2014) (citation and quotation marks omitted).

[3] Even under a liberal construction of the objections, Wilson does not argue additional facts to bolster his claims. Because no specific facts support his First and Fourteenth Amendment claims, the Court declines the recommendation to grant Wilson leave to replead the claims.

2

alleged in Wilson's complaint and correctly determined he failed to state a claim upon which relief can be granted.

At most, Wilson objects specifically to the determination that the Eleventh Amendment bars the official capacity claims for damages. He argues that Judge Menendez erred by failing to consider the *Ex Parte Young* doctrine, which would allow his claims requesting prospective injunctive relief to survive the motion to dismiss. [ECF No. 25 at 2.] Wilson is correct that the *Ex Parte Young* exception to sovereign immunity applies when the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted). But the complaint fails to sufficiently allege violations of Wilson's First and Fourteenth Amendment rights. Because of this, the Court need not consider whether the relief Wilson seeks is properly characterized as prospective. Wilson has not pled enough facts to plausibly suggest an entitlement to prospective injunctive relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Therefore, the Court grants the motion to dismiss.

Based on all of the files, records, and proceedings herein, the Court OVERRULES Plaintiffs' objections [ECF No. 25] and ACCEPTS the R&R [ECF No. 23]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss [ECF No. 11] is GRANTED;

2. The § 1983 claims against the Minnesota Sex Offender Program and over any official-capacity claims under § 1983 for monetary damages are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction;

3. All other claims are DISMISSED WITH PREJUDICE for failure to state a claim.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 7, 2019

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge